PROB 12C
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Jeremy Matthew Crouch</u>  Case Number: <u>3:09-00235-03</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>June 29, 2011</u>

Original Offense: <u>18 U.S.C. § 371 Conspiracy to Commit Theft of Mail</u>

Original Sentence: <u>18 months' custody and two years' supervised release</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Commenced: <u>September 3, 2013</u>

Assistant U.S. Attorney: <u>Byron Jones</u>  Defense Attorney: <u>Caryll S. Alpert</u>

## PETITIONING THE COURT

   <u>X</u>   To issue a Summons.
   ___   To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this <u>30</u> day of <u>Oct</u>, 2014, and made a part of the records in the above case.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Amanda Michele
U.S. Probation Officer

_____
Todd J. Campbell
U.S. District Judge

Place     Nashville

Date     October 30, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1.** | **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community corrections center at the direction of the probation officer. The defendant shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.** |

Mr. Crouch has failed to attend substance abuse treatment at Centerstone Mental Health on the following dates:

> September 24, 2014
> October 8, 2014
> October 22, 2014

| | |
| --- | --- |
| **2.** | **The defendant shall pay restitution, joint and several with his co-defendants, in the amount of $14,091.64, at a rate of 10% of his gross monthly income. The defendant shall pay a $100.00 special assessment.** |

Despite reporting full-time employment, Mr. Crouch has only made three payments towards his special assessment and no payments towards his restitution.

| | |
| --- | --- |
| March 24, 2014 | $10.00 |
| September 2, 2014 | $25.00 |
| September 8, 2014 | $25.00 |

**Compliance with Supervision Conditions and Prior Interventions:**
Jeremy Matthew Crouch is currently employed, full-time, with David Craig Construction, and lives with his mother and sister in Donelson, Tennessee. Mr. Crouch began his term of supervised release on September 3, 2013, and his supervision is due to terminate on September 2, 2015.

Following his release from custody, Mr. Crouch was referred to Centerstone Mental Health for a substance abuse assessment and individual therapy, twice a month, was recommended. The probation officer was notified by Centerstone staff that Mr. Crouch infrequently participated in treatment as recommended. The probation officer reminded Mr. Crouch that his special condition, imposed by the Court, ordered him to participate in substance abuse treatment as recommended. He was advised that his therapist recommended a certain level of treatment, based on her clinical opinion, and he was required to attend as directed. After discussion with both the probation officer and his therapist, Mr. Crouch began attending substance abuse treatment as recommended.

A report was submitted to the Court on March 6, 2014, regarding Mr. Crouch's violations of testing positive for medications not prescribed to him and for his failure to make a payment toward his special assessment and restitution, as ordered by the Court. Your Honor ordered no action on March 6, 2014. Mr. Crouch was re-instructed to not use any illegal substances or medications not prescribed to him. His therapist was informed of his illegal drug use and his substance abuse treatment was increased to weekly sessions. Mr. Crouch's random drug testing was also increased.

A report was submitted to the Court on June 3, 2014, regarding Mr. Crouch's violations of testing positive for cocaine on two different occasions and for his continued failure to make payments toward his special assessment and restitution, as ordered by the Court. Your Honor ordered no action on June 4, 2014, in order to give Mr. Crouch the opportunity to successfully participate in substance abuse treatment as recommended by Centerstone Mental Health and make appropriate payments toward his restitution.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Jeremy Matthew Crouch, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to Assistant U.S. Attorney Byron Jones, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JEREMY MATTHEW CROUCH, CASE NO. 3:09-00235-03

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class D Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Amanda Michele
U.S. Probation Officer

Approved:

Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Jeremy Matthew Crouch

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00235 - 3

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date**  6 / 29 / 2011
                                        month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____ .

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community corrections center at the direction of the probation officer. | C |
| Shall pay restitution, joint and several with his co-defendants, in the amount of $14,091.64, at a rate of 10% of his gross monthly income. The defendant shall pay a $100.00 special assessment. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    VI

10. **Range of Imprisonment** *(see §7B1.4(a))*    8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Jeremy Matthew Crouch

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) $13,376.64          Community Confinement _____

    Fine($)     _____                 Home Detention        _____

    Other    Special Assessment $40.00  Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002