PROB 12C
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 125]

Name of Offender: Jeremy Matthew Crouch     Case Number: 3:09-00235-03

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: June 29, 2011

Original Offense: 18 U.S.C. § 371 Conspiracy to Commit Theft of Mail

Original Sentence: 18 months' custody and two years' supervised release

Type of Supervision: Supervised release     Date Supervision Commenced: September 3, 2013

Assistant U.S. Attorney: Byron Jones     Defense Attorney: Caryll S. Alpert

## PETITIONING THE COURT

  **X**   To Consider Additional Violations/Information.
_____ To issue a Summons.
_____ To issue a Warrant.

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The Consideration of Additional Violations/Information.

Considered this 25 day of Nov, 2014,
and made a part of the records in the above case.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Amanda Michele_
Amanda Michele
U.S. Probation Officer

_Todd J. Campbell_
Todd J. Campbell
U.S. District Judge

Place     Nashville

Date     November 25, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 125, has been amended as follows:

  <u>Violation No. 3</u> - has been added to report a positive drug test for marijuana.

  <u>Violation No. 4</u> - has been added to notify the Court of a citation for Leaving the Scene of an Accident.

The probation officer believes that the offender has violated the following condition of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1.** | **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community corrections center at the direction of the probation officer. The defendant shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.** |
| | Mr. Crouch has failed to attend substance abuse treatment at Centerstone Mental Health on the following dates: |
| | September 24, 2014<br>October 8, 2014<br>October 22, 2014 |
| **2.** | **The defendant shall pay restitution, joint and several with his co-defendants, in the amount of $14,091.64, at a rate of 10% of his gross monthly income. The defendant shall pay a $100.00 special assessment.** |
| | Despite reporting full-time employment, Mr. Crouch has only made three payments towards his special assessment and no payments towards his restitution. |
| | March 24, 2014     $10.00<br>September 2, 2014    $25.00<br>September 8, 2014    $25.00 |
| **3.** | **The defendant shall refrain from any unlawful use of a controlled substance.** |
| | On November 19, 2014, Mr. Crouch tested positive for marijuana. |
| | When questioned by the probation officer, Mr. Crouch denied using the illegal drug and could provide no explanation as to why he would test positive. |

**4.**              **The defendant shall not commit another federal, state, or local crime.**

>    On November 21, 2014, Mr. Crouch was issued a citation and charged with Leaving the Scene of an Accident on October 31, 2014, in Davidson County, Tennessee. This is a Class C misdemeanor and the citation is attached for Your Honor's review. Mr. Crouch was notified to appear at the A.A. Birch Building, in Nashville, Tennessee, on December 18, 2014, for booking and his initial court appearance.
>
>    According to the citation, Mr. Crouch allegedly backed out of a driveway into another vehicle and left the scene without leaving any information. The damage to the other vehicle was more than $500.00.

**Compliance with Supervision Conditions and Prior Interventions:**
Jeremy Matthew Crouch is currently employed, full-time, with David Craig Construction, and lives with his grandmother in Donelson, Tennessee. Mr. Crouch began his term of supervised release on September 3, 2013, and his supervision is due to terminate on September 2, 2015.

Following his release from custody, Mr. Crouch was referred to Centerstone Mental Health for a substance abuse assessment and individual therapy, twice a month, was recommended. The probation officer was notified by Centerstone staff that Mr. Crouch infrequently participated in treatment as recommended. The probation officer reminded Mr. Crouch that his special condition, imposed by the Court, ordered him to participate in substance abuse treatment as recommended. He was advised that his therapist recommended a certain level of treatment, based on her clinical opinion, and he was required to attend as directed. After discussion with both the probation officer and his therapist, Mr. Crouch began attending substance abuse treatment as recommended.

A report was submitted to the Court on March 6, 2014, regarding Mr. Crouch's violations of testing positive for medications not prescribed to him and for his failure to make a payment toward his special assessment and restitution, as ordered by the Court. Your Honor ordered no action on March 6, 2014. Mr. Crouch was re-instructed to not use any illegal substances or medications not prescribed to him. His therapist was informed of his illegal drug use and his substance abuse treatment was increased to weekly sessions. Mr. Crouch's random drug testing was also increased.

A report was submitted to the Court on June 3, 2014, regarding Mr. Crouch's violations of testing positive for cocaine on two different occasions and for his continued failure to make payments toward his special assessment and restitution, as ordered by the Court. Your Honor ordered no action on June 4, 2014, in order to give Mr. Crouch the opportunity to successfully participate in substance abuse treatment as recommended by Centerstone Mental Health and make appropriate payments toward his restitution.

A petition was submitted to the Court on October 30, 2014, regarding Mr. Crouch's violations of failure to attend substance abuse treatment and failure to pay restitution, as ordered by the Court. The Court ordered the issuance of a summons on October 30, 2014, and Mr. Crouch was ordered to appear at the U.S. Marshal's Office on or before November 14, 2014. Mr. Crouch appeared on his summons on November 6, 2014, and was released to the same conditions of supervised release, pending his revocation hearing, currently scheduled for December 30, 2014.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that these additional violations be considered at the revocation hearing to be held before Your Honor on December 30, 2014. These new violations have been discussed with Assistant U.S. Attorney Bryon Jones, who concurs with the recommendation.

Approved: _____
Jim Perdue
Deputy Chief U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JEREMY MATTHEW CROUCH, CASE NO. 3:09-00235-03

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class D Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*Amanda Michele*
Amanda Michele
U.S. Probation Officer

Approved: *Jim Perdue*
Jim Perdue
Deputy Chief U.S. Probation Officer

# MISDEMEANOR CITATION
## STATE OF TENNESSEE - COUNTY OF DAVIDSON
### In The Metropolitan General Sessions Court

SC1000179

I, THE UNDERSIGNED, HAVE PROBABLE CAUSE THAT THE FOLLOWING NAMED DEFENDANT DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE IN VIOLATION OF THE APPROPRIATE LAWS CITED.

M.P.D. COMPLAINT NO.: 2014 1045166

**ARRESTEE INFORMATION**

- Reporting Agency: M.P.D.
- Arrestee's Name: Crouch, Jeremy Matthew
- Place of Birth: Nashville TN
- Other Names Used: NONE
- Marital Status: Single
- Sex: M
- Race: White
- Ethnicity: Non-Hispanic
- Height: 5'11
- Weight: 200
- Eyes: BL
- Hair: BL
- DOB: 1/13/81
- Age: 33
- Suspected of Using: N/A
- Residence Address: 826 Colfax Dr, Nashville, TN 37214
- Telephone: (615) 300-4023
- Place of Employment: David Cray Const
- Davidson Co. Resident: Yes
- Driver License No.: 88255224, TN, I.D.

**LOCATION OF ARREST:** 1417 Murfreesboro Pk
**DATE & TIME OF ARREST:** 11/21/14 1300 HRS, FR
**VEHICLES:** N/A
**WEAPON/TOOL:** None

**TCA CODE:** 55-10-102
**CHARGE/OFFENSE:** Leaving scene of accident

**NARRATIVE:**
On 10-31-14 between 2000 hrs - 2400 hrs at 830 Woodcraft Dr a wreck occured. The vehicle the def was driving backed out of a driveway & struck the driver door of the listed victims vehicle. The def did not make contact that night nor left any of his information. damage to the other vehicle was more than $500.00.

NO WARRANTS

**ARRESTING OFFICER'S NAME:** M. Wilson
**EMPLOYEE NUMBER:** 405455

**BOOKING DATE:** 12-18-14
BETWEEN 7:00 AM AND 10:00 AM

RESPONSIBILITIES - The defendant shall report on the date and time indicated below to be booked and go to court. Please report to the Davidson County Sheriff's Office booking area, located on the 1st floor of the Justice A.A. Birch Building, 408 2nd Avenue North, Nashville, TN 37201. Dress Code: NO halter, t-tops, see through tops, exposed midriff, exposed undergarments, hats or any other inappropriate clothing. Clothing depicting pictures or wording of a racial, sexual or other inflammatory nature shall not be permitted. The final decision is subject to the discretion of each divisional judge.

RESPONSABILIDADES DEL ACUSADO - El defensor debería reportar en el día y la hora indicado abajo, para ser citado para ir a corte. Favor de reportarse en la oficina de Citaciones de Sheriff del Condado de Davidson, ubicado en el 1er piso del Edificio de Justicia A.A. Birch, 408 2nd Avenue North, Nashville, TN. 37201. Código de vestimenta: No remeras musculosas, sin mangas, transparentes, con panza al aire, ropa interior a la vista, sombreros, gorras o cualquier otra vestimenta inapropiada. Prendas que represente retratos o con mensajes raciales, sexuales u otra naturales infamatoria no serán permitidos. La decisión final será sujeta a la discreción del Juez de cada división.

I hereby affix my signature and fingerprint with the understanding that such is NOT A PLEA OF GUILTY, but to certify that I received a copy of this citation and agree to appear as indicated without issuance of a warrant as provided by T.C.A. Section 40-7-118.
Por medio de la presente adjunto mi firma y aplico mi huella digital, entendiendo que este acto NO IMPLICA QUE ME DECLARO CULPABLE, sino que certifica que he recibido una copia de esta citación y que me comprometo a presentarme en corte como se indica, previamente a la emisión de una "warrant" (autorización para arresto) como se prevee en el T.C.A., Sección 40-7-118.

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Jeremy Matthew Crouch

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00235 - 3

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date**  6 / 29 / 2011
                             month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant* No.*)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in a program of drug testing and substance abuse treatment at the direction of the probation officer. | C |
| Shall pay restitution, joint and several with his co-defendants, in the amount of $14,091.64, at a rate of 10% of his gross monthly income. The defendant shall pay a $100.00 special assessment. | C |
| Shall refrain from the unlawful use of a controlled substance. | C |
| Shall not commit another federal, state, or local crime. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     VI

10. **Range of Imprisonment** *(see §7B1.4(a))*     8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Jeremy Matthew Crouch

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) $13,376.64          Community Confinement _____

    Fine($) _____              Home Detention _____

    Other    Special Assessment $40.00   Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002